Brent H. Smith, OSB #065971
E-mail: brent@baumsmith.com
Baum Smith, LLC
P.O Box 967
808 Adams Avenue
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254

Attorneys for Plaintiff Olga Trusov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OLGA TRUSOV,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AND SCIENCE UNIVERSITY, an Oregon Public Corporation and Governmental Entity; WAYNE MONFRIES; RUTH BEYER; JAMES A. CARLSON; DANNY JACOBS; CHAD PAULSON; STEVE ZIKA; STACY CHAMBERLAIN; PRASHANT DUBEY and DOES 1 and 2,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR RELIGIOUS DISCRIMINATION AND DEPRIVATION OF CIVIL RIGHTS<br><br>(42 USC § 2000e-5 - Employment Religious Discrimination; 42 USC § 1983 - Deprivation of Civil Rights)<br><br>JURY TRIAL REQUESTED |

**PRELIMINARY STATEMENT**

1.

Plaintiff brings this action for declaratory relief, damages, attorney fees and statutory penalties pursuant to 42 USC § 1983 and 42 USC § 2000e-5.

/ / /

1 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

## JURISDICTION AND VENUE

2.

Jurisdiction is conferred upon this Court by 28 USC § 1331 because Plaintiff's action arises under the constitution and laws of the United States. Jurisdiction is also conferred upon this Court by 42 USC § 2000e-5(f) and 42 USC § 1983.

3.

This Court has authority to award the requested damages pursuant to 28 USC § 1343 and 42 USC § 2000e-5(f); the requested declaratory relief pursuant to 28 USC § 2201 and 2202 and 42 USC § 2000e-5(g); and costs and attorneys' fees pursuant to 28 USC § 1988 and 42 USC § 2000e-5(k).

4.

Venue is proper under 28 USC § 1391 as the conduct from which these claims arise occurred in the judicial district in which the Court is situated, and at least some of the defendants reside in this district. Divisional venue is proper in the Portland Division because all the events giving rise to the claims occurred in Multnomah County, Oregon.

## PARTIES

5.

Plaintiff Olga Trusov (hereinafter "Plaintiff") is a resident of Multnomah County, Oregon and has been at all material times.

6.

Defendant Oregon Health and Science University (hereinafter "Defendant OHSU") is an Oregon Public Corporation with a principal place of business in Multnomah County, Oregon. Pursuant to ORS 353.020 Defendant OHSU is a "governmental entity performing governmental functions and exercising governmental powers."

/ / /

2 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

7.

Defendants Wayne Monfries, Ruth Beyer, James A. Carlson, Danny Jacobs, Chad Paulson, Steve Zika, Stacy Chamberlain and Prashant Dubey, collectively the "Board Defendants," were members of Defendant OHSU's Board of Directors during the fall of 2021. The Board Defendants were, at all times relevant herein, responsible for establishing Defendant OHSU's institutional strategy and policy concerning religious accommodations in connection with its COVID-19 vaccination mandates including Defendant OHSU's "Vaccine Exception Review Panel" (hereinafter "VERP").

8.

The true names and capacities of Defendants Does 1 and 2 are unknown to Plaintiff. Each Defendant Doe is a member or agent of Defendant OHSU's VERP who evaluated Plaintiff's request for religious accommodation. Each Defendant designated herein as "Doe" is legally responsible for the events herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged. The Does described herein were directly responsible for making the decision to deny Plaintiff's religious accommodation and tell Plaintiff she did not possess a sincerely held religious belief. Plaintiff will seek leave of this Court to amend this Complaint to show the Does' names and capacities once they have been ascertained.

**DEMAND FOR JURY TRIAL**

9.

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a Trial by Jury on all issues of her Complaint as is appropriate according to law.

/ / /

/ / /

/ / /

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

**GENERAL FACTUAL ALLEGATIONS**

10.

On or about August 13, 2013 Plaintiff began working for Defendant OHSU as a Registered Nurse. At all material times, Plaintiff performed her job duties satisfactorily.

11.

In September 2021 Defendant OHSU mandated Plaintiff receive a COVID-19 vaccination as a condition of continued employment.

12.

On September 21, 2021 Plaintiff put Defendant OHSU on notice of her sincerely held religious beliefs which prevented her from receiving a COVID-19 vaccination as a condition of continued employment. Plaintiff was on maternity leave when first submitted her religious accommodation request. Plaintiff's request for religious accommodation is attached as Exhibit A and states:

> My name is Olga Trusov and I have been contributing to this organization as a Registered Nurse for the last 8 years. I would like to request a religious exemption from COVID-19 vaccination.
>
> I, Olga Trusov, hold genuine and sincere religious beliefs which are contrary to the COVID 19 Vaccination mandate.
>
> I assert a conscientious religious objection to receiving the current COVID-19 vaccines because humans are made in the image and likeness of God (Genesis 1:26). The Bible teaches us we have a duty to honor and care for this physical body that God has given us as it is a temple of the Holy Spirit (Romans 12:1, 1 Corinthians 3:16, 1 Corinthians 6:20, 1 Corinthians 10:31). 1 Corinthians 6:19 says, "Don't you know that your body is a temple of the Holy Spirit who is in you, whom you have from God, and that you are not your own?" Holy Spirit has impressed upon my heart that my Heavenly Father does not want me to take these injections as it may harm the temple of the Holy Spirit and I would not be glorifying God in my body.
>
> Corinthians 4:2 says, "Moreover, it is required of stewards that they be found faithful." This includes good stewarding of our bodies. As a born-again believer, I am called to care for and be mindful of what I put into my body. Science is always changing and coming up with new conclusions, however the word of God is eternal, the same yesterday, today and tomorrow (Isaiah 40:8). Therefore, I must

4 – COMPLAINT

**BAUM SMITH LLC**
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

be diligent in caring for my body, and to do nothing that may jeopardize its God designed order and function. 1 Corinthians 3:17 says "If anyone destroys God's temple, God will destroy him. For God's temple is holy, and you are that temple." I cannot in good conscience make a decision that could be harmful to my body and temple.

I am requesting an exemption from the COVID 19 vaccines so that my conscience can remain clear before God. I put forth this request, asking that my employment with OHSU remains active. I have a heart to know the Lord God, honor Him, and serve Him in all that I do. As a born-again Jesus follower, it would be a violation of my convictions to take the COVID-19 vaccines. It is for these reasons that I am requesting, through the appropriate channels, an exemption from the COVID-19 Vaccines.

Sincerely,

Olga Trusov.

13.

On or about October 1, 2021 Defendant OHSU denied Plaintiff's request for accommodation.

14.

In denying Plaintiff's request for religious accommodation Defendant OHSU told Plaintiff her request received "two independent assessments by members of the Vaccine Exception Review Committee." Defendant Does 1 and 2 are the two members of the Vaccine Exception Review Committee described in Defendant OHSU's October 1, 2021 correspondence to Plaintiff. Defendant OHSU's email to Plaintiff is attached hereto as Exhibit B.

15.

Defendant OHSU placed Plaintiff on administrative leave on October 18, 2021.

16.

Plaintiff's scheduled first day back at work after maternity leave was October 31, 2021. Because Defendant OHSU placed Plaintiff on leave on October 18, 2021 Plaintiff was not able to return to work.

/ / /

5 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

17.

On September 22, 2021 Defendant OHSU through its Board Defendants and

Does 1 and 2 published "Criteria for vaccine policy exceptions" which Defendant OHSU

shared with its "Members." This document is attached hereto as Exhibit C. This

document reads in part:

> "Thank you for your patience as OHSU's leadership and Vaccine Exception
> Review Panel have thoughtfully considered the possible personal, community and
> legal implications. This deliberate review has led to developing very narrow
> criteria for approving medical or religious exceptions at OHSU… We understand
> that some of you may not qualify for an exception based on these criteria. We are
> here to help… We want you to be compliant and we value you…
> In accordance with relevant federal and Oregon law, members who can
> demonstrate a sincerely held religious belief and past behavior consistent with
> that belief will be approved for an exception. Please be advised that social,
> political or economic philosophies or personal preferences are not considered to
> be religious beliefs. Examples of beliefs or past behavior that may disqualify an
> individual from receiving a religious exception include:
> -   Receiving another vaccine in the last five years.
> -   An objection to the vaccine on the basis of fetal cell concerns…"
> -

18.

Later Defendant OHSU through the Board Defendants and the Does provided

examples of beliefs Defendant OHSU contended did not qualify for a religious exception

writing:

-   Arguments for free will or against compulsion.
    -   This does not refer to the vaccine, but instead your right to have a
        religious freedom or conscientiously object to the vaccine.
-   Concerns over vaccine safety or content.
    -   These are not religious arguments and often inconsistent with
        proven facts.
-   An objection to the vaccine on the basis of fetal cell concerns, either in the
    vaccines or in testing and development.
    -   These professed beliefs are personal moral choices and/or
        conscientious objections rather than a tenet of a religious faith.
    -   No fetal tissue or cells are contained in any of the vaccines currently
        available under FDA approval or emergency use authorization in
        the U.S.
    -   While they played no role in their development or production,
        HEK-293 cell lines created over 50 years ago were used in
        confirmatory testing of the current mRNA vaccines. Cells from the
        same line have commonly been used in biologic research since the
        late 70s. This cell line is used in the testing of many common

6 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

medicines, including Tylenol, Advil, Aspirin, Claritin, Benadryl, Pepto-Bismol, Mucinex, Tums and Prilosec, among many others.

- A personal revelation from God about the vaccine, an objection to the vaccine based upon bodily integrity or sanctity, and/or a belief that the vaccine is "unclean."

   o These are personal moral choices and/or conscientious objection rather than a tenet of a religious faith.

19.

Defendant OHSU did not engage in any interactive process with Plaintiff about accommodations for her religious beliefs at any time. Defendant OHSU through its agents the Board Defendants and Does 1 and 2 decided it would decide arbiter of the validity of religious beliefs in violation of Title VII of the Civil Rights Act and 42 USC § 1983.

20.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around June 29, 2022. Plaintiff received notice of her right to sue from the EEOC on October 19, 2022.

PLAINTIFF'S FIRST CLAIM FOR RELIEF

(42 USC § 2000e-5 - Employment Religious Discrimination)

Against Defendant OHSU

21.

Plaintiff realleges paragraphs 1 through 20 and incorporates them herein.

22.

Plaintiff has a sincerely held religious belief which prevents her from receiving a Covid-19 vaccination.

23.

Plaintiff put Defendant OHSU on notice of her sincerely held religious belief which prevented her from receiving a Covid-19 vaccination.

/ / /

7 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

24.

Defendant OHSU did not make a good-faith effort to reasonably accommodate Plaintiff's religious beliefs and could have done so without incurring undue hardship.

25.

Defendant OHSU did not engage in any interactive process with Plaintiff about accommodations for her religious beliefs at any time. Defendant OHSU made no assertion to Plaintiff that Defendant OHSU would incur undue hardship by accommodating Plaintiff's beliefs.

26.

Defendant OHSU could have accommodated Plaintiff's religious beliefs without incurring undue hardship.

27.

On October 1, 2021 Defendant OHSU subjected Plaintiff to discriminatory treatment by declaring her sincerely held religious beliefs not legitimate and unworthy of any accommodation and threatening to terminate her employment if she declined to receive a COVID-19 vaccination.

28.

Defendant OHSU placed Plaintiff on administrative leave on October 18, 2021 because she did not receive the Covid-19 vaccination.

29.

Defendant OHSU terminated Plaintiff's employment on December 6, 2021.

30.

Based on the foregoing, Defendant OHSU discriminated against Plaintiff in violation of 42 USC § 2000e-5.

/ / /

/ / /

8 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

PLAINTIFFS SECOND CLAIM FOR RELIEF

(42 USC § 1983 – Deprivation of Civil Rights)

Against the Board Defendants and Does 1 and 2

31.

Plaintiff realleges paragraphs 1 through 30 and incorporates them herein.

32.

Under 42 USC § 1983, anyone who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress."

33.

Under 42 USC § 1983, state actors like the Board Defendants and Does 1 and 2 forfeit their qualified immunity from liability when, acting in their official capacities, they deliberately infringe on constitutional rights.

34.

The First Amendment of the United States Constitution prohibits government actors from infringing on an individuals freedom of religion. Acting under color of state law the Board Defendants and Does 1 and 2 expressed overt hostility to the religious beliefs of Plaintiff by declaring Plaintiff's religious beliefs "personal moral choices and/or conscientious objection rather than a tenet of a religious faith."

35.

Based on the foregoing, the Board Defendant's and Does 1 and 2, including the members of the VERP, have deprived Plaintiff of her constitutionally protected freedom of religion.

/ / /

9 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

REQUEST FOR DECLARATORY RELIEF

36.

Plaintiff realleges paragraphs 1 through 35 and incorporates them herein.

37.

The Free Exercise Clause of the U.S. Constitution's First Amendment prohibits state governments from infringing on individuals' freedom of religion.

38.

Board Defendants have violated the Free Exercise Clause by proclaiming which religious beliefs were worthy of religious exceptions and which beliefs were not.  The VERP members also violated the Free Exercise Clause by asking Plaintiff to reconsider her religious objection. *See* Exhibit B.

39.

Board Defendant's placed pressure on Plaintiff to conform to the prevailing approved religion by proclaiming which religious beliefs were worthy of religious exceptions and which were not. *See* Exhibit C.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

10 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

40.

Based on the foregoing, the Court should declare that the Board Defendants'
policy proclaiming which beliefs are worthy of religious exceptions and which beliefs
were not violates the U.S. Constitution's Fee Exercise Clause.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants for relief as
follows:

ON ALL CAUSES OF ACTION:

1. Declaratory relief,

2. Economic damages in the amount according to proof at trial;

3. Non-economic damages in the amount according to proof at trial;

4. Punitive damages in an amount according to proof at trial;

5. Plaintiff's attorney fees, expert costs, costs and disbursements incurred
   herein; and

6. Such other relief that the court deems just and equitable.

DATED this 17th day of January, 2023.

BAUM SMITH, LLC
Attorney for Plaintiff

By: _____
Brent H. Smith
OSB #065971

11 – COMPLAINT

BAUM SMITH LLC
808 Adams Ave - PO Box 967
La Grande, Oregon 97850
Phone: (541) 963-3104
Fax: (541) 963-9254
Email: office@baumsmith.com

Oregon Health and Science University — To Whom it May Concern,

My name is Olga Trusov and I have been contributing to this organization as a Registered Nurse for the last 8 years. I would like to request a religious exemption from COVID-19 vaccination.

I, Olga Trusov, hold genuine and sincere religious beliefs which are contrary to the COVID 19 Vaccination mandate.

I assert a conscientious religious objection to receiving the current COVID-19 vaccines because humans are made in the image and likeness of God (Genesis 1:26). The Bible teaches us we have a duty to honor and care for this physical body that God has given us as it is a temple of the Holy Spirit (Romans 12:1, 1 Corinthians 3:16, 1 Corinthians 6:20, 1 Corinthians 10:31). 1 Corinthians 6:19 says; "Don't you know that your body is a temple of the Holy Spirit who is in you, whom you have from God, and that you are not your own?" Holy Spirit has impressed upon my heart that my Heavenly Father does not want me to take these injections as it may harm the temple of the Holy Spirit and I would not be glorifying God in my body.

Corinthians 4:2 says; "Moreover, it is required of stewards that they be found faithful." This includes good stewarding of our bodies. As a born-again believer, I am called to care for and be mindful of what I put into my body. Science is always changing and coming up with new conclusions, however the word of God is eternal, the same yesterday, today and tomorrow (Isaiah 40:8). Therefore, I must be diligent in caring for my body, and to do nothing that may jeopardize its God designed order and function. 1 Corinthians 3:17 says "If anyone destroys God's temple, God will destroy him. For God's temple is holy, and you are that temple." I cannot in good conscience make a decision that could be harmful to my body and temple.

I'm requesting an exemption from the COVID 19 vaccines so that my conscience can remain clear before God. I put forth this request, asking that my employment with OHSU remains active. I have a heart to know the Lord God, honor Him, and serve Him in all that I do. As a born-again Jesus follower, it would be a violation of my convictions to take the COVID-19 vaccines. It is for these reasons that I am requesting, through the appropriate channels, an exemption from the COVID-19 Vaccines.

Sincerely,

Olga Trusov

Exhibit A

From: **OHSU Now** now@ohsu.edu
Subject: Your religious exception request was not approved
Date: October 1, 2021 at 5:59 PM
To: Olga Trusov trusov@ohsu.edu



OHSU**NOW**

Dear Olga ,

OHSU has completed its review of your request for an exception to the COVID-19 vaccine requirement. Based on the information you submitted and OHSU's narrow criteria established under the law for approvals, you are **not approved for a religious exception**. This is a final decision and may not be appealed.

Please know that each review had two independent assessments by members of the Vaccine Exception Review Committee, which included representatives from AAEO, Center for Diversity and Inclusion, Human Resources, Legal, Occupational Health and Student Health and Wellness. These decisions were made using specific criteria established under the law to determine if your request met the legal definition of a religious or medical exception.

The vast majority of these denials were because the requestor did not meet the long-established legal requirements for any religious exception, but instead stated personal beliefs or conscientious objections as opposed to a fundamental tenet of a religious faith. Examples of beliefs that did not qualify for a religious exception include:

- Arguments for free will, religious freedom or against compulsion.
- Concerns over vaccine safety or content.
- An objection to the vaccine on the basis of fetal cell concerns, either in the vaccines or in testing and development.
- A personal revelation from God about the vaccine.
- An objection to the COVID vaccine based upon bodily integrity or sanctity and/or a belief that the vaccine is "unclean."

We understand this is difficult news to receive and recognize that you may have deeply held personal convictions which nonetheless do not meet the narrow legal

Exhibit B

requirements for a religious exception. **OHSU values you and hopes you will consider getting vaccinated in order to remain an OHSU member**. You can still get vaccinated, no appointment needed, at these OHSU pharmacy locations during their open hours or you can find a community location near you.

Monday, Oct. 4 is the last day you can get a Johnson & Johnson vaccine in time to be fully vaccinated and compliant with the policy by Oct. 18. If you become partially vaccinated prior to the Oct. 18 deadline, please be sure to upload your vaccination record as soon as possible in Enterprise Health. Please also discuss with your manager your intentions regarding vaccination going forward.

As you know, any OHSU member who is not compliant with the vaccine policy by Oct. 18 cannot continue to work, study or volunteer. Specifics on what this means for you, based on your representation group or member type, is coming soon.

OHSU firmly stands behind the community benefit of vaccination against COVID-19. The decision not to get vaccinated can have negative consequences to the unvaccinated person and to those around them. While we acknowledge each individual's right to their opinion and choice about vaccination, we also need to ensure OHSU sets policy to protect our patients and our community.

View in a browser

Exhibit B

**The Following Communications was shared with OHSU Members on Sept. 22:**

# Criteria for vaccine policy exceptions

OHSU firmly stands behind the community benefit of vaccination against COVID-19. The decision not to get vaccinated can have negative consequences to the unvaccinated person and to those around them. State and federal officials have announced vaccination requirements for large employers across the country in large part to realize the community benefit.

To be compliant with OHSU's vaccination policy (and state law) by Oct. 18, you must either be fully vaccinated (14 days after your final vaccination dose) or have an approved medical or religious exception.

Exception requests were due in Enterprise Health on Monday, Sept. 20, and many of you have asked about the criteria for reviewing these. Thank you for your patience as OHSU's leadership and Vaccine Exception Review Panel have thoughtfully considered the possible personal, community and legal implications. This deliberate review has led to developing very narrow criteria for approving medical or religious exceptions at OHSU. You can see the full guidance that the Vaccine Exception Review Panel will use on the COVID-19 O2 site's Vaccine page. However, we want to highlight a few of the key points for both types of exceptions.

We understand that some of you may not qualify for an exception based on these criteria. We are here to help. Our team can connect you with someone to help answer your questions. We want you to be compliant and we value you. We also need to ensure OHSU sets policy to protect our patients and our community.

We plan to share a matrix of what non-compliance will look like by employee group very soon.

**Medical exceptions**

Medical exceptions will be allowed only for specific reasons consistent with guidance from the Centers for Disease Control and Prevention (CDC), including:

- Documented history of severe allergic reaction to one or more components of all three currently approved COVID-19 vaccines.

- Documented history of severe or immediate-type hypersensitivity allergic reaction to a COVID-19 vaccine, and separate contraindication to other available formulations.

- Individuals who have received monoclonal antibodies for the treatment or prophylaxis following exposure of COVID-19 for 90 days after administration.

Examples of conditions that would not qualify for a medical exception include:

- History of severe allergic reactions to foods, oral medications, latex, pets, insects and environmental triggers.

- Trypanophobia (fear of injections or needles).

Exhibit C

- Previous history of normal vaccine side effects or general avoidance of vaccines.

- History of COVID-19 infection.

- Concerns that vaccination could exacerbate an autoimmune disorder.

- Routine requests because of pregnancy.

**Religious exceptions**

In accordance with relevant federal and Oregon law, members who can demonstrate a sincerely held religious belief and past behavior consistent with that belief will be approved for an exception. Please be advised that social, political or economic philosophies or personal preferences are not considered to be religious beliefs. Examples of beliefs or past behavior that may disqualify an individual from receiving a religious exception include:

- Receiving another vaccine in the last five years.

- An objection to the vaccine on the basis of fetal cell concerns.

  - No fetal tissue or cells are contained in any of the vaccines currently available under FDA approval or emergency use authorization in the U.S.

  - While they played no role in their development or production, HEK-293 cell lines created over 50 years ago were used in confirmatory testing of the current mRNA vaccines. Cells from the same line have commonly been used in biologic research since the late 70s. This cell line is used in the testing of many common medicines, including Tylenol, Advil, Aspirin, Claritin, Benadryl, Pepto-Bismol, Mucinex, Tums and Prilosec, among many others.

  - Given the gravity of the pandemic and lack of alternative vaccines, both the Vatican and the U.S. Conference of Catholic Bishops have endorsed the use of the Pfizer/BioNTech and Moderna vaccines, despite their remote connection to fetal tissues. The president of the National Association of Evangelicals, and leadership of the Orthodox (Jewish) Union issued a joint statement encouraging their members to be vaccinated.

**Accommodations with an approved exception** If your exception is approved using this guidance, OHSU still must keep you, your colleagues and our patients safe. How we will achieve this will likely evolve as we learn more about how to best prevent the spread of COVID-19.

OHSU will endeavor to find accommodation for exempt, but unvaccinated employees that do not involve direct, in-person patient contact. In the event that an accommodation that maintains the safety of our patients and employees cannot be found, an employee may be placed on unpaid leave. As the situation evolves, OHSU will periodically assess whether and under what circumstances these employees might once again participate in patient care. Similarly, because of the current national public health emergency resulting from the COVID-19 pandemic, OHSU will not place unvaccinated students in direct, in-person, patient contact for the foreseeable future. OHSU programs will endeavor to find reasonable accommodations for unvaccinated students who have received approved exceptions to try and support their degree progression while they are unable to engage in direct, in-person, patient contact. As the situation evolves, OHSU will periodically assess when and under what circumstances these students might once again participate in patient care activities.

Exhibit C

If you have an approved exception, and work in an OHSU building, you currently will need to:

- Wear an approved and fit-tested respirator or the N95 or equivalent at all times, except when actively eating/drinking, in accordance with OHA requirements.

- Maintain physical distancing from others when indoors in a clinical area.

- Maintain at least 6-feet distance when actively eating/drinking and mask is removed.

- Wear a mask outdoors when 6-feet distance from others cannot be maintained.

- Get tested at least twice weekly.

**You can still get vaccinated** If you still need your vaccination, you can get one, no appointment needed, at these OHSU pharmacy locations during their open hours or you can find a community location near you. To be compliant with the policy by Oct. 18, you will need to receive the Johnson & Johnson vaccine by Oct. 4. Remember to enter your vaccination record in Enterprise Health as well.

Exhibit C